IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIIREEN A. JONES, | § | |
| #23018260, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1839-G-BN |
| | § | |
| DALLAS COUNTY HOSPITAL | § | |
| DISTRICT – PARKLAND POLICE | § | |
| DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Hiireen A. Jones, an inmate at the Dallas County jail, filed a *pro se* complaint under 42 U.S.C. § 1983 concerning the loss of his property. *See* Dkt. No. 3.

Senior United States District Judge A. Joe Fish referred the case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Jones's motion for leave to proceed *in forma pauperis* [Dkt. No. 4] under the Prison Litigation Reform Act (PLRA), which requires that, where a plaintiff is imprisoned or detained pending trial and seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Considering the complaint under the PLRA, the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss Jones's claims.

## Legal Standards

As set out above, the PLRA authorizes the Court to dismiss a complaint where it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Because this language tracks the language of Federal Rule of Civil Procedure 12(b)(6), the Court should apply the pleading standards as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v.*

*Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

But, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal for failing to state a claim upon which relief may be granted under Section 1915A(b)(1), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

Against the Dallas County Hospital District Police Department, Jones alleges that the department does not "have [his] property in storage after telling" him that the Dallas County jail "would discard" it. Dkt. No. 3 at 3. Jones explains that, after

his interrogation in hospital police custody on May 6, 2023, and before he was transferred to the jail, he told the hospital police department that he "wanted all my property to go with me" to the jail, but the department told him that the jail "would throw it into the trash" so the department was "going to leave it in [their] storage." *Id.* at 4. And Jones further explains that, "[a]s of now all my property is no where to be found when questioned about its whereabouts." *Id.* So Jones seeks $14 million in compensation against the department. *See id.*

## I.    Jones fails to allege a plausible cause of action against the named defendant.

A plaintiff may not bring a civil action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.").

The Dallas County Hospital District (or Parkland) is considered a municipality. *See, e.g., Dixon v. Zeem*, No. 3:13-cv-5048-M-BH, 2014 WL 1040549, at *3 (N.D. Tex. Mar. 14, 2014). And the police departments of Texas municipalities named as defendants are commonly dismissed as non-jural entities. *See, e.g., Combs v. City of Dall.*, 289 F. App'x 684, 686 (5th Cir. 2008) (per curiam) (affirming dismissal of "the DPD as a defendant because it is a servient political department that does not enjoy a separate and distinct legal existence from the City of Dallas," as the plaintiff failed to "show that the City of Dallas granted the DPD the capacity to sue or be sued

- 4 -

as a separate and distinct entity" (citing *Darby*, 939 F.2d at 313)).

The Court should therefore dismiss the claims against the sole defendant named in the complaint.

Generally, where a plaintiff names a non-jural entity as a defendant, the Court should allow the plaintiff leave to amend his complaint to cure this deficiency. *See Johnson v. Dall. Police Dep't*, No. 3:13-cv-4537-D, 2014 WL 309195, at *2 n.2 (N.D. Tex. Jan. 28, 2014) ("*Pro se* plaintiffs who name a non jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action." (citing *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993))). But that general rule may not apply here for the reasons set out below.

## II. Even if Jones's claims are construed as brought against an individual or jural entity, those claims do not allege a viable constitutional violation.

"The deprivation of property by persons acting under color of state law may be a violation of the Due Process Clause of the Fourteenth Amendment." *Campusano-Morales v. Austin Police Dep't*, No. A-09-CV-812-LY, 2009 WL 10713202, at *2 (W.D. Tex. Dec. 16, 2009), *rec. accepted*, 2010 WL 11652167 (W.D. Tex. Jan. 19, 2010).

But "[t]he *Parratt/Hudson* doctrine dictates that a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy." *Brooks v. George Cnty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996) (citing *Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991) (en banc) (discussing, in turn, *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986), and *Hudson v. Palmer*, 468 U.S. 517 (1984))).

"[T]his doctrine is most frequently applied when prisoners (or others) are deprived of their personal property but have the opportunity to seek return of their property (or be made whole) through a post-deprivation process." *LeBeouf v. Manning*, 575 F. App'x 374, 379 (5th Cir. 2014) (per curiam) (citations omitted). "In Texas, the tort of conversion generally constitutes an adequate post-deprivation remedy." *Wyatt v. Matagorda Cnty.*, No. 3:13-CV-356, 2017 WL 908202, at *4 (S.D. Tex. Mar. 7, 2017) (citing *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994)).

And "[t]he burden is on the plaintiff to show that the State's post-deprivation remedy is not adequate." *Id.* (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)); *see also Campusano-Morales*, 2009 WL 10713202, at *2 ("[W]here the plaintiff has an adequate post-deprivation tort remedy under state law, the deprivation is not without due process of law, and therefore such an allegation fails to state a constitutional claim. Even an intentional deprivation which was made without regard to the proper procedural regulations would not violate procedural due process if the state furnished an adequate post-deprivation remedy. In Texas, the tort of conversion fulfills this requirement." (citations omitted)).

Jones alleges no facts to show that he cannot assert any construed due process allegations through a conversion action in state court. Nor does he allege facts to show that he was deprived of property under an official policy or directive. *See Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) ("Conduct is not 'random and unauthorized' for purposes of the *Parratt/Hudson* doctrine if the state 'delegated to [the defendants] the power and authority to effect the very deprivation complained

of.'" (quoting *Zinerman v. Burch*, 494 U.S. 113, 138 (1990))); *Walker v. Clark*, No. 2:17-cv-221-Z-BR, 2020 WL 3979730, at *4 (N.D. Tex. June 17, 2020) ("[P]laintiff's argument is contradictory, in that he claims Miller's act was an intentional theft, which would be unauthorized taking of his property, clearly distinguishable from the facts in *Allen*. In the *Allen* case, a prison directive allowed for the seizure of the property in a specific instance, and the plaintiff in that case was in effect challenging the fact that a prison official followed a specific prison directive."), *rec. adopted*, 2020 WL 3978371 (N.D. Tex. July 14, 2020); *Chaney v. City of Ocean Springs, Miss.*, No. 1:18cv30-HSO-JCG, 2019 WL 1140218, at *4 (S.D. Miss. Mar. 12, 2019) ("When an ultimate policymaker in a specific area takes action in that area, her conduct may generally be construed to constitute a custom or policy of the municipality. The *Parratt/Hudson* doctrine does not apply in such situations." (citing *Woodward v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005))).

The Court should therefore dismiss the complaint. *See, e.g.*, *Campusano-Morales*, 2009 WL 10713202, at *2 ("In the present case, there are no factual allegations establishing that the private tort remedies available to Plaintiff in the Texas courts are in any way inadequate to provide him with a meaningful post-deprivation remedy for the alleged seizure of his property. Accordingly, Plaintiff's allegations regarding the loss of his property do not provide an arguable constitutional claim against the Defendant APD. The Court therefore concludes Plaintiff's complaint should be dismissed in its entirety under 28 U.S.C. § 1915(e)(2)." (footnote omitted)).

**III.  Even if Jones's claims are construed as brought against an individual or jural entity and even if those claims are not subject to the *Parratt/Hudson* doctrine, Jones has not plausible alleged that he is entitled to relief.**

The few facts as alleged by Jones do not allow the Court the draw a reasonable inference that the hospital police department is liable for the loss of his property – if that property is even lost. So, because Jones fails to allege facts to support a plausible entitlement to relief, the Court should dismiss the complaint.

## Leave to Amend

The time to file objections to this recommendation (further explained below) allows Jones an opportunity to explain how the fatal pleading deficiencies identified above can be cured and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave.").

If Jones fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

## Recommendation

The Court should dismiss the complaint with prejudice under 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted, unless, within

the time to file objections, Plaintiff Hiireen A. Jones shows a basis to grant leave to amend the complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 21, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE